# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**MERILYN STRONG,**

     Plaintiff,

                                       CASE NO.  3:19-CV-519-DJH

**v.**

                                       **JURY DEMAND**

**NORTON HEALTHCARE, INC.,**
a Domestic Corporation,

     Defendant**.**

_____/

**MORGAN & MORGAN, P.A.**
**ADRIAN M. MENDIONDO**
Kentucky Bar # 90676
333 W. Vine St, Suite 1200
Lexington, Kentucky 40507
Tel: (859) 469-7954
Fax: (859) 367-6146
amendiondo@forthepeople.com
**WARREN D. ASTBURY (*PHV pending*)**
Michigan Bar # P82416
Florida Bar # 78056
Illinois Bar # 6298999
California Bar # 311962
Attorneys for Plaintiff
2000 Town Center
Suite 1900
Southfield, MI 48075
Tel:  (313) 251-1399
Fax: (313) 739-1976
wastbury@forthepeople.com

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Merilyn Strong, brings this Complaint for damages and demand for

jury trial against Defendant, Norton Healthcare, Inc. ("Norton"), and states as follows:

## PARTIES

1.     Plaintiff is a resident of the State of Idaho.

2.     Defendant is incorporated in the State of Kentucky.

3.     Defendant's principal office is in Jefferson County, Kentucky.

4.     The events described in this lawsuit primarily occurred in Jefferson County, Kentucky.

5.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the and Kentucky Civil Rights Act ("KCRA"), KRS § 344.010, *et seq.*

6.     Defendant meets all of the requirements for employer status under the ADA, the ADEA and the KCRA.

7.     At all relevant times, Defendant maintained a workforce that employed at least 500 employees in the State of Kentucky.

8.     Plaintiff was 70 years old at the time of her termination.

9.     At all relevant times, Plaintiff was an individual with a disability

within the meaning of the ADA and the KCRA.

10.    Specifically, Plaintiff had cancer at the time of her termination.

11.    At the time of Plaintiff's termination, Plaintiff's cancer substantially limited Plaintiff in several major life activities, including but not limited to her ability to, *inter alia*, eat, walk, sleep, concentrate, think, and work.

12.    Defendant was aware of this disability prior to Plaintiff's termination.

## JURISDICTION

13.    The jurisdiction of this court is invoked pursuant the ADA and the ADEA.

14.    As such, the Court has original jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 and 1337.

15.    The Court has supplemental jurisdiction over Plaintiff's KCRA claims pursuant to 28 U.S.C. § 1367 as these claims are so related to Plaintiff's ADA and ADEA claims that they form part of the same case or controversy.

16.    Jurisdiction to grant injunctive relief and declaratory relief, as well as damages is invoked pursuant to the Acts cited above as well as *Ex Parte Young*, 209 U.S. 123 (1908) pursuant to Plaintiff's request for prospective injunctive relief.

## VENUE

17.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within the Louisville Division of the Western District of Kentucky.

18.     Defendant conducts substantial and not isolated business within the Louisville Division of the Western District of Kentucky.

19.     Defendant has agents and employees in the Louisville Division of the Western District of Kentucky.

20.     Defendant has a business located in the Louisville Division of the Western District of Kentucky.

## CONDITIONS PRECEDENT

21.     Plaintiff has exhausted her administrative remedies.

22.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on August 12, 2017.

23.     On March 3, 2019, the EEOC made a cause finding with regards to Plaintiff's ADA claims.

24.     On May 17, 2019, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue against Defendant with regard to this matter.   A copy of this Right to Sue letter is attached as **Exhibit A**.

25.     Plaintiff files this action within the applicable period of limitations.

4

26.     All conditions precedent to this action have been satisfied and/or waived.

## STATEMENT OF FACTS

27.     Plaintiff worked on and off for Defendant for approximately thirty years until 2012.

28.     In September 2016, Plaintiff was rehired as a full-time Nurse.

29.     Shortly after Plaintiff was rehired, she was diagnosed with cancer.

30.     Plaintiff's cancer required a biopsy, chemotherapy, and continuing treatment.

31.     Plaintiff did not immediately notify Defendant of her diagnosis because she was afraid she would be fired.

32.     However, after Plaintiff's first chemotherapy treatment, she notified her supervisor that she would need periodic time off to recover from chemotherapy every few weeks.

33.     This was a request for accommodation under the ADA and the KCRA.

34.     Defendant granted this request for accommodation initially.

35.     For instance, Defendant did not assess any "attendance points" when Plaintiff was absent from work on September 30, 2016 to attend a chemotherapy appointment.

36.     Defendant did not assess any "attendance points" for the days Plaintiff was absent from work on October 1-5, 2016, when she was recovering from the side effects of her chemotherapy appointment on September 30, 2016.

37.     From October 24, 2016 through December 19, 2016, Plaintiff took an eight-week unpaid medical leave of absence.

38.     This leave was granted pursuant to Defendant's Leave of Absence Policy.

39.     While Plaintiff was on unpaid medical leave, she underwent additional rounds of chemotherapy treatment.

40.     When Plaintiff returned to work, she was able to perform the essential functions of her job.

41.     On December 30, 2016, Plaintiff underwent another round of chemotherapy, and Defendant did not assess any "attendance points" for this absence.

42.     However, after Plaintiff's December 30, 2016 chemotherapy treatment, Defendant began assessing attendance points for the period of time Plaintiff was absent from work immediately after her chemotherapy treatments, while she was still recovering from the side effects of her chemotherapy treatment.

43.     Specifically, on January 3-6, 2017, Plaintiff was unable to return to work due to the side effects of her chemotherapy treatment on December 30, 2016.

44.     Plaintiff called into work each morning to request each day off as an accommodation for her disability.

45.     However, Plaintiff was assessed four "attendance points" for her absences on January 3-6, 2017.

46.     On January 20, 2017, Plaintiff underwent another round of chemotherapy, and Defendant did not assess any "attendance points" for this absence.

47.     On January 23-25, 2017, Plaintiff was unable to return to work due to the effects of the chemotherapy.

48.     Plaintiff called into work each morning to request each day off as an accommodation for her disability.

49.     However, Plaintiff was assessed three more "attendance points" for her absences on January 23-25, 2017.

50.     In late-January, Plaintiff notified her supervisor that her most recent cancer scan had come back clean.

51.     During that conversation, Plaintiff notified her supervisor that her doctor wanted her to undergo two more chemotherapy treatments just to be safe.

52.     On February 10, 2017, Plaintiff underwent another round of chemotherapy.

53.     Due to the effects of the chemotherapy, she was unable to return to work on February 13-14, 2017.

54.     Plaintiff called into work each morning to request each day off as an accommodation for her disability.

55.     However, Plaintiff was assessed one more absence point for her absence on February 14, 2017.

56.     Defendant alleges that Plaintiff was terminated on February 15, 2017, because she accrued ten attendance points under Norton's "Attendance and Tardiness Policy."

57.     At least eight of the ten attendance points that led to Plaintiff's termination under Norton's "Attendance and Tardiness Policy" were absences on work days that immediately followed one of Plaintiff's chemotherapy treatments, while she was still recovering from the side effects of her chemotherapy treatment.

58.     All ten attendance points that led to Plaintiff's termination under Norton's "Attendance and Tardiness Policy" were absences related to Plaintiff's cancer or cancer treatment.

59.     Prior to her termination, Plaintiff had never been written up for any attendance or tardiness issue.

60.     At all times relevant, Plaintiff was ready, willing and able to perform the essential functions of her job, with or without a reasonable accommodation.

61.     Plaintiff repeatedly requested the reasonable accommodation of time off and/or a modified work schedule for the days she was absent from work immediately after her chemotherapy treatments, while she was still recovering from the side effects of her chemotherapy treatment.

62.     Aside from the days when Plaintiff was recovering from her chemotherapy treatments, Plaintiff was able to perform her job as she normally would.

63.     On March 10, 2017, Plaintiff's underwent her final chemotherapy treatment.

64.     Plaintiff was terminated approximately twenty-four days before her final chemotherapy treatment.

65.     Defendant would not have suffered any undue hardship by permitting Plaintiff to takes additional absences to complete and recover from her final chemotherapy treatment.

## COUNT I - DISCRIMINATION IN
## VIOLATION OF THE ADA

66.     Plaintiff realleges and incorporates paragraphs 1-65 herein.

67.   Plaintiff had cancer, which is a disability under the ADA.

68.   Plaintiff was also regarded as being disabled because she was undergoing chemotherapy to treat her cancer.

69.   Plaintiff was also regarded as being disabled because of her request for an accommodation—time off and/or a modified work schedule—to undergo chemotherapy to treat her cancer.

70.   At all times, Plaintiff was qualified for the position that she held with Defendant.

71.    Plaintiff could perform the essential functions for her position with Defendant, either with or without a reasonable accommodation.

72.   During the time Plaintiff was employed by Defendant, Plaintiff was subjected to discrimination and disparate treatment on the basis of her disability, perceived disability, and/or requests for accommodation.

73.   Under the ADA, the Defendant was legally obligated to refrain from discriminating against Plaintiff because of her disability, perceived disability, and/or requests for accommodation.

74.   Defendant violated the ADA by, *inter alia*, the following acts:

   a.   Assessing absence points for absences directly related to her receipt of chemotherapy to treat her cancer;

   b.   Denial of benefits and advantageous terms and conditions of

employment; and

      c.     Termination of her employment.

75.    Defendant's discriminatory actions were willful, deliberate, and intentional.

76.    The injuries to Plaintiff that arose as a consequence of Defendant's conduct were foreseeable and intentionally caused by Defendant.

77.    As a direct and proximate result of the Defendant's violation of the ADA, Plaintiff suffered economic damages including but not limited to, loss of wages, loss of benefits, back pay, front pay, and other expenses.

78.    As a direct and proximate result of Defendant's violation of ADA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

79.    As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

80.    The conduct of Defendant was so willful and wanton, and performed with malice or reckless indifference to the statutory rights of Plaintiff, as to entitle her an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

81.     Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to the ADA.

82.     Plaintiff has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA

83.     Plaintiff realleges and incorporates paragraphs 1-65 herein.

84.     Plaintiff engaged in a protected activity when she requested a reasonable accommodation for her disability.

85.     Specifically, Plaintiff requested time off and/or a modified work schedule to receive chemotherapy to treat her cancer.

86.     On several occasions, Defendant took several adverse employment actions against Plaintiff because of Plaintiff's request for accommodation, including but not limited to:

    a.     Assessing absence points for absences directly related to her receipt of chemotherapy to treat her cancer;

    b.     Denial of benefits and advantageous terms and conditions of employment; and

    c.     Termination of her employment.

87.     Defendant took these retaliatory actions because of Plaintiff's requests for a reasonable accommodation for her disability.

12

88.   Defendant's retaliatory actions were willful, deliberate, and intentional.

89.   The injuries to Plaintiff that arose as a consequence of Defendant's conduct were foreseeable and intentionally caused by Defendant.

90.   Defendant's retaliation would not have occurred had Plaintiff not engaged in protected activity under the ADA.

91.   As a direct and proximate result of Defendant's violation of the ADA, Plaintiff suffered economic damages including but not limited to, loss of wages, loss of benefits, back pay, front pay, and other expenses.

92.   As a direct and proximate result of Defendant's violation of ADA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

93.   As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

94.   The conduct of Defendant was so willful and wanton, and performed with malice or reckless indifference to the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

95.    Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to the ADA.

96.    Plaintiff has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

## COUNT III
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

97.    Plaintiff realleges and adopts all pertinent parts of paragraphs 1-65 as if set forth herein.

98.    Defendant terminated Plaintiff's employment because of her age.

99.    Plaintiff was treated less favorably than younger similarly situated employees.

100.    Plaintiff was replaced by a younger employee(s).

101.    The actions of Defendant as alleged above were done intentionally and purposefully to Plaintiff because of her age.

102.    As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff suffered economic damages including but not limited to, loss of wages, loss of benefits, back pay, front pay, and other expenses.

103.    The conduct of Defendant was so willful and wanton, and performed with malice or reckless indifference to the statutory rights of Plaintiff, as to entitle her to an award of liquidated damages against Defendant, to deter it, and others, from such conduct in the future.

104.   Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to the ADEA.

105.   Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

## COUNT IV - DISCRIMINATION IN
## VIOLATION OF THE KCRA

106.   Plaintiff realleges and incorporates paragraphs 1-65 herein.

107.   Plaintiff had cancer, which is a disability under the KCRA.

108.   Plaintiff was also regarded as being disabled because she was undergoing chemotherapy to treat her cancer.

109.   Plaintiff was also regarded as being disabled because of her request for an accommodation—time off and/or a modified work schedule—to undergo chemotherapy to treat her cancer.

110.   At all times, Plaintiff was qualified for the position that she held with Defendant.

111.    Plaintiff could perform the essential functions for her position with Defendant, either with or without a reasonable accommodation.

112.   During the time Plaintiff was employed by Defendant, Plaintiff was subjected to discrimination and disparate treatment on the basis of her disability, perceived disability, and/or requests for accommodation.

15

113.    Under the KCRA, the Defendant was legally obligated to refrain from discriminating against Plaintiff because of her disability, perceived disability, and/or requests for accommodation.

114.    Defendant violated the KCRA by, *inter alia*, the following acts:

    a.      Assessing absence points for absences directly related to her receipt of chemotherapy to treat her cancer;

    b.      Denial of benefits and advantageous terms and conditions of employment; and

    c.      Termination of her employment.

115.    Defendant's discriminatory actions were willful, deliberate, and intentional.

116.    The injuries to Plaintiff that arose as a consequence of Defendant's conduct were foreseeable and intentionally caused by Defendant.

117.    As a direct and proximate result of the Defendant's violation of the KCRA, Plaintiff suffered economic damages including but not limited to, loss of wages, loss of benefits, back pay, front pay, and other expenses.

118.    As a direct and proximate result of Defendant's violation of KCRA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

119.   As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

120.   Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to the KCRA.

121.   Plaintiff has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

## COUNT V
## RETALIATION IN VIOLATION OF THE KCRA

122.   Plaintiff realleges and incorporates paragraphs 1-65 herein.

123.   Plaintiff engaged in a protected activity when she requested a reasonable accommodation for her disability.

124.   Specifically, Plaintiff requested time off and/or a modified work schedule to receive chemotherapy to treat her cancer.

125.   On several occasions, Defendant took several adverse employment actions against Plaintiff because of Plaintiff's request for accommodation, including but not limited to:

d.   Assessing absence points for absences directly related to her receipt of chemotherapy to treat her cancer;

e.   Denial of benefits and advantageous terms and conditions of employment; and

f.   Termination of her employment.

126.   Defendant took these retaliatory actions because of Plaintiff's requests for a reasonable accommodation for her disability.

127.   Defendant's retaliatory actions were willful, deliberate, and intentional.

128.   The injuries to Plaintiff that arose as a consequence of Defendant's conduct were foreseeable and intentionally caused by Defendant.

129.   Defendant's retaliation would not have occurred had Plaintiff not engaged in protected activity under the KCRA.

130.   As a direct and proximate result of Defendant's violation of the ADA, Plaintiff suffered economic damages including but not limited to, loss of wages, loss of benefits, back pay, front pay, and other expenses.

131.   As a direct and proximate result of Defendant's violation of KCRA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

132.   As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional

pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

133.   Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to the KCRA.

134.   Plaintiff has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

**COUNT VI**
**AGE DISCRIMINATION IN VIOLATION OF THE KCRA**

135.   Plaintiff realleges and adopts all pertinent parts of paragraphs 1-65 as if set forth herein.

136.   Defendant terminated Plaintiff's employment because of her age.

137.   Plaintiff was treated less favorably than younger similarly situated employees.

138.   Plaintiff was replaced by a younger employee(s).

139.   The actions of Defendant as alleged above were done intentionally and purposefully to Plaintiff because of her age.

140.   As a direct and proximate result of Defendant's violation of the KCRA, Plaintiff suffered economic damages including but not limited to, loss of wages, loss of benefits, back pay, front pay, and other expenses.

141.   The conduct of Defendant was so willful and wanton, and performed with malice or reckless indifference to the statutory rights of Plaintiff, as to

entitle her to an award of liquidated damages against Defendant, to deter it, and others, from such conduct in the future.

142.   Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to the KCRA.

143.   Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for damages in an amount to be determined at trial, together with interest, cost of suit, attorneys' fees, and all such other relief as the court deems just and proper which include:

    a.    Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the ADA, the ADEA and the KCRA;

    b.    Award Plaintiff all lost wages, past and future, and other monetary damages to which she is entitled to including interest;

    c.    Award Plaintiff compensatory damages;

    d.    Award Plaintiff punitive damages;

    e.    Award Plaintiff exemplary damages;

    f.    Award Plaintiff reasonable attorney's fees, costs, and interest;

g.     Award Plaintiff equitable relief including, but not limited to: an injunction directing Defendant to cease their discriminatory conduct and practices; full reinstatement to her employment and position with Defendant; and

h.     Award all other relief as this Court deems just and proper and any other relief afforded under the ADA, the ADEA and the KCRA.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: July 16, 2019.

By: /s/ Adrian M. Mendiondo
**MORGAN & MORGAN, P.A.**
**ADRIAN M. MENDIONDO**
Kentucky Bar # 90676
333 W. Vine St, Suite 1200
Lexington, Kentucky 40507
Tel: (859) 469-7954
Fax: (859) 367-6146
amendiondo@forthepeople.com
**WARREN ASTBURY (*PHV pending*)**
Michigan Bar No.: P82416
Illinois Bar No.: 6298999
Florida Bar No.: 78056
California Bar No.: 311962
Attorney for Plaintiff
2000 Town Center
Suite 1900
Southfield, MI 48075
Tel: (313) 251-1399
Fax: (313) 739-1976
wastbury@forthepeople.com
***Attorneys for Plaintiff***